NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Hon. Harold A. Ackerman |
| ) | |
| ) | **OPINION AND ORDER** |
| v. ) | |
| ) | Criminal No. 89-250 |
| ALAN GRECCO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Shana Chen, Esq.
Assistant United States Attorney
United States Attorney's Office
970 Broad Street, Suite 700
Newark, New Jersey 07102
*Attorney for United States of America*

John Vincent Saykanic, Esq.
1135 Clifton Avenue
Clifton, New Jersey 07013
*Attorney for Defendant Alan Grecco*

**ACKERMAN, Senior District Judge:**

  This matter comes before the Court on Defendant Alan Grecco's motion (Doc. No. 13) for reduction of sentence. In 1991, a jury found Alan Grecco guilty on all counts of a seven-count indictment. The first count charged Grecco with conspiring to violate the Racketeering Influenced and Corrupt Organizations Act ("RICO"). The second count charged Grecco with actually violating RICO. The other five counts were various gambling-related offenses. In order to find Grecco guilty of the first two counts, the jury found Grecco guilty of six predicate acts.

1

For example, one of the predicate acts that supported the RICO conviction was conspiracy to commit the murder of Vincent Mistretta.[1]  On November 11, 1991, Grecco was sentenced to sixty-five years in prison.  Grecco pursued a direct appeal to the Third Circuit, which affirmed his conviction.  *United States v. Gatto*, 995 F.2d 449 (3d Cir. 1993).

On April 21, 1997, Grecco filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  In the motion, he challenged both the adequacy of his counsel and the constitutionality of his sentence.  This Court denied Grecco's motion on the merits on April 17, 2000.  *Grecco v. United States*, No. 97-3098, slip op. (D.N.J. Apr. 17, 2000).  That order was affirmed on appeal.  *Grecco v. United States*, 29 F. App'x 817 (3d Cir. 2002).  Now Grecco moves to reduce his sentence under 18 U.S.C. § 3582(c), arguing that retroactive application of Amendment 591 of the United States Sentencing Guidelines requires a reduction.

This Court's authority to modify its imposed term of imprisonment is limited.  Pursuant to 18 U.S.C. § 3582(c), the court may modify a sentence under only three conditions: pursuant to § 3582(c)(1)(A), where the Director of the Bureau of Prisons makes such a motion; pursuant to § 3582(c)(1)(B), where permitted by other statute or by Federal Rule of Criminal Procedure 35; or pursuant to § 3582(c)(2), where the applicable advisory Guidelines range has subsequently been lowered by the Sentencing Commission.

Citing Amendment 591, Grecco seeks a reduction in sentence pursuant to § 3582(c)(2).

---

[1] Mistretta was stabbed to death by an ice pick.

In addition to conspiracy to commit murder, other acts underpinning Grecco's conviction included charges that he agreed to conduct the affairs of a faction of the Genovese Family of the Mafia through a pattern of racketeering activity involving the operation of an illegal sports gambling business and an illegal numbers gambling business.

2

"Amendment 591, effective November 1, 2000, requires that the initial selection of the offense guideline be based on the statute or offense of conviction rather than on judicial findings of actual conduct not made by the jury." *United States v. Davis*, 205 F. App'x 28, 29 (3d Cir. 2006). Amendment 591 is retroactively applied. *See* U.S.S.G. § 1B1.10(c).

At Grecco's 1991 sentencing, this Court determined that the base offense level was 43 as provided by U.S.S.G. § 2A1.1, which then included conspiracy to commit murder. Presently, however, conspiracy to commit murder is addressed by § 2A1.5, while § 2A1.1 deals solely with "first degree murder." U.S.S.G. § 2A1.1. Grecco argues that, because the jury did not convict him for first degree murder, § 2A1.1 should not apply. Rather, because Amendment 591 requires that the base offense level depend on the statute of conviction, Grecco contends that the Court must resentence him by employing the appropriate guideline, § 2A1.5. That guideline directs a base offense level of 33 for a conviction of "conspiracy or solicitation to commit murder." U.S.S.G. § 2A1.5.

The Court is not convinced. While it is true that the jury did not convict Grecco of first degree murder, it did convict him under RICO of conspiracy to murder Vincent Mistretta, who died as a result of Grecco's crimes. Thus, the cross-reference of § 2A1.5(c)(1) is applicable: "If the offense resulted in the death of a victim, apply § 2A1.1 (First Degree Murder)." U.S.S.G. § 2A1.5(c)(1). Accordingly, this Court's original sentence — utilizing a base offense level of 43 derived from § 2A1.1 — is not obviated by Amendment 591 because § 2A1.1 remains the guideline dictated by the "statute of conviction."

Recently, a panel of the Third Circuit addressed a nearly-identical circumstance:

> [Defendant's] guidelines analysis stops when he arrives at U.S.S.G.

> § 2A1.5. However, § 2A1.5(c) provides that if the offense resulted in the victim's death (as happened here), 2A1.1 (first degree murder) applies, the very result reached by the District Court.
>
> [Defendant] argues that the "cross-referencing" (as he calls it) involved in proceeding from § 2A1.5 to § 2A1.1 is prohibited by Amendment 591. However, he provides no support for this contention. While Amendment 591 directs the District Court to apply "the guidelines dictated by the statute of conviction," it does not permit the court to ignore the specific directions provided by the guidelines. Indeed, the requirements of Amendment 591 and U.S.S.G. § 2A1.5(c) can coexist in this instance without tension in light of the fact that section 2A1.1 is the ultimate guideline "dictated by the statute of conviction."

*Davis*, 205 F. App'x at 30; *see also United States v. Garcia*, 204 F. Supp. 2d 790, 795 (D.N.J. 2002) ("Amendment 591 would not change defendant's sentence. . . . [B]ecause the murder for hire resulted in the death of the victim, the provision of U.S.S.G. § 2A1.1, First Degree Murder, is applicable, providing a base offense level of 43.").

Amendment 591 does not warrant a reappraisal of this matter. In any event, in light of the serious and tragic crimes Defendant committed and the other facts and circumstances which informed this Court's lawful sentence, the Court remains convinced that its sentence well serves the interests of justice.

For the foregoing reasons, Defendant's motion (Doc. No. 13) to reduce sentence is hereby DENIED.


Newark, New Jersey
Dated: September 26, 2008

                                                        /s/ Harold A. Ackerman
                                                        U.S.D.J.